IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Lee Compton,** | § <br> § <br> § |
| Plaintiff, | § Civil Action No. 4:22-cv-00331 <br> § |
| v. | § <br> § |
| **John Does 1-10.** | § <br> § |
| Defendants. | § <br> § <br> § |

## COMPLAINT

**Plaintiff Lee Compton** (hereinafter referred to as "Compton" or "Plaintiff"), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **John Does 1-10.**

## INTRODUCTION

1. Plaintiff' Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

2. In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights; specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 *et seq*., affords special protections for people who registered their phone numbers on the National Do Not Call Registry.

5. Where a consumer's phone number is registered on the Do Not Call registry, the TCPA requires that telemarketers provide clear and conspicuous notice to the consumer that it will be making telemarketing calls for solicitation or advertising purposes, and requires that the consumer provide express written consent.

6. Section 227(c)(5) of the TCPA provides that each person who receives more than one call within a 12-month period on their phone, where that person did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## The Parties

7. Plaintiff Lee Compton is an adult citizen who at all times relevant to this Complaint resided in McKinney Texas.

8. John Does 1-10 are persons of unknown identities responsible for making Spanish language robocalls to Mr. Compton's cell phone at (972) XXX-9695.

## Jurisdiction and Venue

9. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

10. This Court has personal jurisdiction over Defendants, as they conduct business in the State of Texas.

11. Furthermore, this Court has personal jurisdiction over this action because the Plaintiff, Mr. Compton, resides and works in McKinney, Texas, which is within this District. Mr. Compton received a majority of the offending robocalls and experienced resulting damages within this District.

12. The Defendants, whose identities remain unknown, availed themselves to this forum by placing calls to Mr. Compton's "972" area code cell phone.

13. Accordingly, a substantial percentage of the occurrences and events which underlie this lawsuit occurred within this District.

14. Venue is proper under 28 U.S.C. § 1391(b)(2).

## Statement of Relevant Facts

15. At all times relevant to this Complaint, Mr. Compton owned a cell phone, the number for which was (972) XXX-9695.

16. Mr. Compton used that cell phone primarily for residential purposes.

17. Mr. Compton registered his cell phone number on the National Do Not Call Registry on or around January 3, 2005.

18. Mr. Compton registered his cell phone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls.

19. Mr. Compton was enrolled in a health insurance policy at all times relevant to this lawsuit. Accordingly, Compton was not in the market for health insurance, did not consent or provide permission for telemarketers to place telemarketing calls, or calls with a pre-recorded voice about health insurance.

20. Furthermore, Mr. Compton does not speak the Spanish language.

21. Despite the fact that Mr. Compton's number had been registered on the Do Not Call Registry at all times, despite not having consented to receive telemarketing and/or pre-recorded calls about health insurance and despite not speaking the Spanish language, Mr. Compton's cell phone has been inundated with robocalls containing pre-recorded Spanish messages soliciting health insurance policies.

22. Mr. Compton understands the aforementioned robocalls pertain to health insurance because he played the recordings to Spanish-speaking family and friends who confirmed the content and nature of the calls.

23. An example of a message received by Compton is below, followed by an English translation:

> Message:
> Soy Sarah del departamento de seguros médicos, puedes calificar para poder recibir un seguro gratuito. Prima cero, copago cero. Presione uno ahora para obtener información. Presione dos para ser eliminado de la lista.
>
> Translation:
> I'm Sarah from the department of medical insurance you can qualify to be able to receive free insurance. Zero premium, zero copay. Press one now to get information. Press two to be taken off the list.

24. Since Mr. Compton began tracking these calls, Defendants placed a shocking and extraordinary volume of invasive and irritating telemarketing calls to Compton's cell phone in furtherance of its efforts to sell medical insurance, for which the which the Comptons had no interest or need and did so in a language he does not speak.

25. Mr. Compton received calls on instances including but not limited to the following

| Date and Time | Caller ID: |
|---|---|
| 03/03/21 04:28:03 PM | 1 (469) 248-4968 |
| 03/08/21 02:52:17 PM | 1 (832) 674-8992 |

| | |
|---|---|
| 03/10/21 06:58:14 PM | 1 (915) 745-3689 |
| 03/12/21 01:37:47 PM | 1 (972) 647-1408 |
| 03/26/21 01:37:22 PM | 1 (972) 246-1544 |
| 04/09/21 12:56:15 PM | 1 (972) 276-4309 |
| 04/09/21 03:33:15 PM | 1 (972) 636-9119 |
| 04/14/21 02:49:19 PM | 1 (972) 642-9152 |
| 04/14/21 07:16:19 PM | 1 (972) 473-1949 |
| 04/15/21 02:16:19 PM | 1 (972) 421-2858 |
| 05/06/21 02:53:29 PM | 1 (972) 982-1849 |
| 05/07/21 07:38:30 PM | 1 (972) 334-5385 |
| 05/10/21 03:25:32 PM | 1 (832) 771-6005 |
| 05/11/21 07:16:34 PM | 1 (972) 539-5639 |
| 05/11/21 07:35:34 PM | 1 (972) 530-6869 |
| 05/12/21 07:05:35 PM | 1 (972) 534-8264 |
| 05/14/21 02:25:27 PM | 1 (903) 436-4243 |
| 05/14/21 05:26:27 PM | 1 (210) 563-6572 |
| 05/17/21 02:10:49 PM | 1 (972) 275-3177 |
| 05/17/21 07:26:49 PM | 1 (903) 814-3525 |
| 05/18/21 03:55:50 PM | 1 (325) 999-7629 |
| 05/28/21 06:33:46 PM | 1 (936) 730-2246 |
| 06/16/21 05:43:09 PM | 1 (210) 233-5730 |
| 06/18/21 05:35:11 PM | 1 (214) 593-5290 |
| 06/21/21 12:56:12 PM | 1 (254) 503-8539 |
| 06/21/21 01:02:12 PM | 1 (469) 204-6349 |
| 06/22/21 02:52:13 PM | 1 (830) 645-2794 |
| 06/22/21 03:25:14 PM | 1 (214) 716-8613 |
| 06/22/21 03:40:14 PM | 1 (432) 688-8137 |

| | |
|---|---|
| 06/22/21 06:32:14 PM | 1 (210) 965-5302 |
| 06/23/21 12:33:14 PM | 1 (210) 507-7951 |
| 06/23/21 01:49:15 PM | 1 (214) 279-7746 |
| 06/23/21 06:28:15 PM | 1 (713) 497-6572 |
| 06/24/21 03:34:15 PM | 1 (512) 352-7508 |
| 06/24/21 06:47:16 PM | 1 (806) 434-7248 |
| 06/25/21 02:57:16 PM | 1 (713) 740-6758 |
| 06/28/21 12:33:08 PM | 1 (817) 816-6756 |
| 06/29/21 02:44:10 PM | 1 (469) 285-7206 |
| 06/30/21 02:36:11 PM | 1 (956) 723-5507 |
| 07/01/21 05:26:12 PM | 1 (979) 732-1677 |
| 07/02/21 02:44:13 PM | 1 (972) 306-6449 |
| 07/06/21 05:10:15 PM | 1 (936) 257-6881 |
| 07/07/21 02:45:16 PM | 1 (979) 292-8602 |
| 07/07/21 03:28:16 PM | 1 (713) 904-8450 |
| 07/09/21 01:49:34 PM | 1 (409) 557-2536 |
| 07/09/21 06:44:34 PM | 1 (281) 685-8022 |
| 07/09/21 06:46:34 PM | 1 (817) 283-4923 |
| 07/12/21 12:16:36 PM | 1 (979) 633-0948 |
| 07/12/21 03:28:36 PM | 1 (432) 363-3353 |
| 07/13/21 01:07:37 PM | 1 (806) 267-0179 |
| 07/13/21 01:40:37 PM | 1 (214) 794-3401 |
| 07/13/21 02:59:37 PM | 1 (979) 691-3944 |
| 07/14/21 12:40:38 PM | 1 (346) 403-4678 |
| 07/14/21 06:31:38 PM | 1 (254) 274-7650 |
| 07/15/21 03:52:45 PM | 1 (956) 972-7391 |
| 07/15/21 05:43:45 PM | 1 (430) 305-2155 |
| 07/15/21 05:50:45 PM | 1 (915) 626-3894 |

| | |
|---|---|
| 07/16/21 01:00:46 PM | 1 (682) 509-4927 |
| 07/19/21 05:20:48 PM | 1 (409) 356-448 |
| 07/20/21 03:27:49 PM | 1 (713) 207-6860 |
| 07/21/21 06:23:50 PM | 1 (210) 900-1279 |
| 07/21/21 06:33:50 PM | 1 (682) 706-4968 |
| 07/22/21 01:45:50 PM | 1 (214) 388-6101 |
| 07/22/21 06:24:50 PM | 1 (210) 576-2536 |
| 07/23/21 05:13:51 PM | 1 (936) 572-4596 |
| 07/23/21 06:16:51 PM | 1 (713) 433-0110 |
| 07/26/21 12:35:53 PM | 1 (713) 848-7364 |
| 07/26/21 12:35:53 PM | 1 (713) 848-7364 |
| 07/26/21 03:03:53 PM | 1 (210) 614-6047 |
| 07/26/21 03:15:53 PM | 1 (806) 802-5055 |
| 07/27/21 03:10:53 PM | 1 (281) 822-8685 |
| 07/27/21 05:25:53 PM | 1 (940) 841-7432 |
| 07/27/21 06:21:53 PM | 1 (979) 205-8440 |
| 07/28/21 02:29:54 PM | 1 (972) 584-7865 |
| 07/28/21 05:12:54 PM | 1 (214) 263-6559 |
| 08/13/21 03:48:48 PM | 1 (469) 638-0901 |
| 08/13/21 06:43:05 PM | 1 (210) 634-8738 |
| 08/20/21 12:14:43 PM | 1 (346) 414-8920 |
| 08/20/21 12:29:44 PM | 1 (806) 720-9117 |
| 08/20/21 12:46:44 PM | 1 (210) 941-7380 |
| 08/25/21 03:14:56 PM | 1 (713) 428-2230 |
| 08/25/21 03:25:25 PM | 1 (737) 215-8805 |
| 08/25/21 03:25:25 PM | 1 (737) 215-8805 |
| 08/25/21 06:40:57 PM | 1 (214) 644-2740 |
| 08/26/21 05:24:14 PM | 1 (817) 595-6743 |
| 08/26/21 06:53:47 PM | 1 (903) 787-5380 |
| 08/26/21 06:57:11 PM | 1 (512) 686-6570 |

| | |
|---|---|
| 08/27/21 04:27:22 PM | 1 (936) 202-8520 |
| 08/30/21 02:27:14 PM | 1 (210) 404-4208 |
| 08/30/21 06:34:03 PM | 1 (361) 257-1953 |
| 08/31/21 12:52:06 PM | 1 (469) 554-0879 |
| 08/31/21 03:39:51 PM | 1 (972) 927-4267 |
| 09/03/21 06:51:07 PM | 1 (713) 215-7356 |
| 09/07/21 01:27:03 PM | 1 (936) 600-5601 |
| 09/07/21 01:46:36 PM | 1 (956) 208-4848 |
| 09/07/21 01:50:00 PM | 1 (713) 427-4357 |
| 09/07/21 03:57:48 PM | 1 (806) 832-4646 |
| 09/09/21 12:57:47 PM | 1 (361) 364-7908 |
| 09/15/21 01:37:55 PM | 1 (806) 324-018 |
| 09/15/21 03:14:50 PM | 1 (972) 778-8360 |
| 09/15/21 03:36:56 PM | 1 (512) 929-0141 |
| 09/16/21 11:57:42 AM | 1 (210) 817-5167 |
| 09/28/21 05:25:24 PM | 1 (903) 357-4228 |
| 09/28/21 06:47:34 PM | 1 (325) 240-7195 |
| 09/30/21 05:17:04 PM | 1 (210) 494-9211 |
| 10/01/21 03:00:38 PM | 1 (817) 464-5732 |
| 10/05/21 01:09:43 PM | 1 (409) 840-2954 |
| 10/12/21 01:19:22 PM | 1 (254) 638-2442 |
| 10/13/21 12:59:11 PM | 1 (346) 325-1154 |
| 10/13/21 01:08:25 PM | 1 (361) 723-0020 |
| 10/13/21 01:33:36 PM | 1 (430) 888-0820 |
| 10/13/21 05:12:47 PM | 1 (281) 367-6092 |
| 10/14/21 12:14:37 PM | 1 (430) 543-4928 |
| 10/14/21 01:38:16 PM | 1 (214) 653-2291 |
| 10/14/21 07:23:40 PM | 1 (972) 252-3600 |
| 10/15/21 02:34:26 PM | 1 (210) 562-1470 |
| 10/15/21 02:34:26 PM | 1 (210) 245-4710 |
| 10/18/21 02:31:47 PM | 1 (956) 450-6906 |
| 10/19/21 12:56:38 PM | 1 (281) 986-2506 |
| 10/19/21 12:59:54 PM | 1 (281) 590-3658 |
| 10/19/21 06:31:14 PM | 1 (915) 409-4450 |
| 10/19/21 06:31:14 PM | 1 (713) 270-5168 |
| 10/19/21 06:43:51 PM | 1 (806) 665-7465 |

| | |
|---|---|
| 10/20/21 03:29:25 PM | 1 (832) 239-9180 |
| 10/20/21 05:20:24 PM | 1 (713) 469-4139 |
| 10/21/21 01:41:37 PM | 1 (903) 978-2743 |
| 10/21/21 02:57:11 PM | 1 (972) 929-1554 |
| 10/21/21 03:48:35 PM | 1 (940) 282-2984 |
| 10/22/21 02:44:03 PM | 1 (972) 649-0160 |
| 10/25/21 02:17:37 PM | 1 (979) 677-5493 |
| 10/25/21 02:49:01 PM | 1 (469) 658-4301 |
| 10/26/21 12:51:02 PM | 1 (713) 643-5086 |
| 10/26/21 02:55:29 PM | 1 (956) 247-6189 |
| 10/27/21 12:50:21 PM | 1 (903) 825-8237 |
| 10/27/21 06:41:37 PM | 1 (806) 453-8958 |
| 10/28/21 01:11:37 PM | 1 (210) 261-5988 |
| 10/28/21 01:11:37 PM | 1 (210) 261-5988 |
| 10/28/21 03:27:12 PM | 1 (254) 602-4854 |
| 10/29/21 12:48:23 PM | 1 (512) 397-6081 |
| 11/01/21 12:15:24 PM | 1 (915) 615-1264 |
| 11/03/21 01:09:27 PM | 1 (281) 594-7753 |
| 11/04/21 01:06:20 PM | 1 (281) 483-1432 |
| 11/04/21 02:58:11 PM | 1 (682) 219-0186 |
| 11/04/21 03:06:25 PM | 1 (817) 774-2249 |
| 11/04/21 03:06:25 PM | 1 (817) 774-2249 |
| 11/05/21 12:12:57 PM | 1 (956) 509-2864 |
| 11/08/21 06:37:08 PM | 1 (469) 302-3048 |
| 11/08/21 06:37:08 PM | 1 (817) 460-9611 |
| 11/12/21 04:54:16 PM | 1 (210) 444-2881 |
| 11/16/21 05:15:37 PM | 1 (915) 283-3466 |
| 11/17/21 02:15:41 PM | 1 (817) 332-0206 |
| 11/18/21 12:22:38 PM | 1 (806) 551-2739 |
| 11/30/21 12:57:58 PM | 1 (915) 288-3747 |
| 11/30/21 02:40:27 PM | 1 (817) 519-7098 |
| 11/30/21 02:53:29 PM | 1 (979) 742-3392 |
| 11/30/21 04:47:34 PM | 1 (903) 614-5014 |
| 12/01/21 05:36:36 PM | 1 (469) 713-6835 |
| 12/02/21 04:35:00 PM | 1 (361) 351-7268 |
| 12/03/21 01:25:43 PM | 1 (940) 230-2789 |

| | |
|---|---|
| 12/07/21 01:09:42 PM | 1 (281) 584-3678 |
| 12/07/21 02:19:45 PM | 1 (972) 235-6558 |
| 12/07/21 06:14:16 PM | 1 (817) 389-0293 |
| 12/08/21 05:44:21 PM | 1 (713) 526-3446 |
| 12/09/21 01:54:05 PM | 1 (903) 957-1131 |
| 12/10/21 01:19:19 PM | 1 (830) 529-0012 |
| 12/10/21 04:41:50 PM | 1 (469) 466-7753 |
| 12/10/21 04:55:15 PM | 1 (903) 420-0328 |
| 12/13/21 11:19:21 AM | 1 (214) 945-0776 |
| 12/13/21 04:05:27 PM | 1 (830) 444-0987 |
| 12/13/21 05:00:49 PM | 1 (361) 993-4084 |
| 12/14/21 01:59:15 PM | 1 (281) 594-7727 |
| 12/14/21 02:26:47 PM | 1 (806) 496-7370 |
| 12/14/21 02:45:21 PM | 1 (210) 568-3064 |
| 12/14/21 04:18:24 PM | 1 (325) 340-4635 |
| 12/15/21 11:58:54 AM | 1 (430) 360-2998 |
| 12/15/21 01:47:19 PM | 1 (737) 701-5712 |
| 12/15/21 02:08:35 PM | 1 (936) 258-4058 |
| 12/17/21 05:44:27 PM | 1 (208) 778-5599 |

26. Mr. Compton received additional calls to his cell phone from Defendants not included in the list above. In fact, as of the date of this filing, Mr. Compton is still receiving such unwanted and irritating calls.

27. Despite the requirements of 47 U.S.C. § 227(e)(1), Defendants hid their identity by, *inter alia,* masking their actual phone numbers and instead using "spoofed" numbers, that have traditionally been difficult to trace.

28. Furthermore, the calling parties do not disclose their identities in the pre-recorded messages that played when Compton answered the calls.

29. Accordingly, despite Compton's best efforts, the identities of the parties making unlawful robocalls remain elusive.

30. The frequent telemarketing robocalls were irritating, disruptive and an invasion of Mr. Compton's privacy.

31. Furthermore, the efforts to conceal the identities of the calling parties was a deceptive business practice that caused Compton to incur pecuniary and ascertainable damages.

32. The foregoing acts and omissions were in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA.")

## COUNT I
### Defendants Violated 47 U.S.C. § 227(b) of the TCPA

33. Compton incorporate the forgoing paragraphs as though the same were set forth at length herein.

34. The TCPA prohibits placing calls or texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

35. By placing prerecorded voice calls to the cell phones of the Comptons without first obtaining that prior express written consent Defendants violated the TCPA, including, but not limited to 47 U.S.C. § 227(b)(1).

36. Defendants' calls were not made for "emergency purposes".

37. Defendants' calls to the Compton' cell phones were made without any prior express consent.

38. The TCPA provides for a private right of action and statutory damages of $500.00 per violation, and up to $1,500.00 if the violation is determined to be willful. 47 U.S.C. § 227(b)(3).

39. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Compton' rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Compton have suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages, as well as declaratory and injunctive relief.

## COUNT II
### Defendants Violated 47 U.S.C. § 227(c)(5) of the TCPA

42. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

43. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

44. Defendants contacted the Plaintiff despite the fact that the Mr. Compton has been registered his number on the Do Not Call Registry since as early as July 1, 2014.

45. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

46. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. §227(a)(4).

47. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." See FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R § 64.1200(a)(2).

48. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500.00 per violation and up to $1,500.00 per violation if the violation is determined to be willful. See 47 U.S.C. §§ 227(c)(5).

49. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5)(A).

50. By calling the Mr. Compton's cell phone after his telephone number was registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

51. Defendants knew or should have known that the Mr. Compton had his telephone number registered on the Do Not Call Registry.

52. Plaintiff is entitled to damages of $500.00 per violation for each call placed and up to $1,500.00 per violation if the Court finds that Defendants willfully violated the TCPA.

## COUNT III
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(e)
*Injunctive Relief*

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

13

54. 47 U.S.C.S. § 227(e)(1) provides it "shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, in connection with any voice service or text messaging service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant to paragraph (3)(B)."

55. Defendants masked their identities in a manner that was deceptive, rendering Plaintiff unable to ascertain the identities of the calling parties without subpoena power and therefore unable to stop the calls or seek recourse in court without first having subpoena power.

56. Those acts and omissions by Defendants caused Plaintiff to incur damages and pecuniary harm.

57. Plaintiff seeks injunctive relief in the form of an Order requiring the Defendants to demonstrate to the Court that they have ceased and desisted their practice of masking their identities and "spoofing" their phone numbers.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff, **Lee Compton,** respectfully prays for judgment as follows:

   a. All actual damages suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   d. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(B));

  e. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C);

  f. Injunctive relief as provided under 47 U.S.C. § 227(b)(3) and (c);

  g. Injunctive relief as provided under 47 U.S.C. § 227(e);

  h. Declaratory relief; and

  i. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, Lee Compton**,** demands a jury trial in this case.

Respectfully submitted,

Dated: April 19, 2022

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 215-540-8888 ext. 104
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com