UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Lee Compton, § § **Plaintiff** § § v. § § Celtic Insurance Company and John Does 1-10. § § § **Defendants.** § § | Civil Action No. 4:22-cv-00331-ALM |

## DEFENDANT CELTIC INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes Defendant Celtic Insurance Company ("Celtic")[1] and for its Answers to Plaintiff's Second Amended Complaint, states:

### INTRODUCTION

1. Celtic admits that Plaintiff purports to sue it under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 as stated in Paragraph 1. However, Celtic denies the substance of the alleged claims in Paragraph 1 and denies that that it is liable in this case.

2. Celtic notes that the statements in Paragraph 2 lack citations but appear to be a summarization of the TCPA's legislative history. Celtic refers to the entire legislative history for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 2 and that it is liable in this case.

---

[1] Defendant denies that Celtic, its parent company Centene Corporation, or any affiliated entity, is liable to Plaintiff. Further, Celtic is not the proper party because, notwithstanding the image in the Second Amended Complaint, Celtic did not actually underwrite Plaintiff's health plan.

3. Celtic notes that the statement in Paragraph 3 purports to be a quotation from a congressional record. Celtic refers to the entire congressional record for the accuracy of the quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 3 and that it is liable in this case.

4. Celtic notes that the statements contained in Paragraph 4 purport to be characterizations of the TCPA's accompanying federal regulations, 47 C.F.R. § 64.1200 *et seq*. Celtic refers to the entire regulatory text for the accuracy of the characterization. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 4 and that it is liable in this case.

5. Celtic notes that the statements contained in Paragraph 5 purport to be summarizations of the TCPA and its accompanying regulations. Celtic refers to the entire regulatory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 5 and that it is liable in this case.

6. Celtic notes that the statements contained in Paragraph 6 purport to be a summarization of Section 227(c)(5) of the TCPA. Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 6 and that it is liable in this case.

## The Parties

7. Celtic lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 and therefore denies them.

8. Celtic admits the allegations in Paragraph 8.

9. Celtic lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 and therefore denies them.

10. Celtic lacks sufficient knowledge to admit or deny the allegations in Paragraph 10 and therefore denies them.

## Jurisdiction and Venue

11. Celtic admits that the Court has subject matter jurisdiction over this lawsuit, as alleged in Paragraph 11.

12. Celtic admits that it conducts business in the State of Texas. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 12 and therefore denies them.

13. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies them.

14. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies them.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 15.

16. Celtic lacks sufficient information to admit or deny whether a substantial part of the events giving rise to this action occurred in this District and therefore denies the same.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Celtic admits that venue is proper in the Court and denies the remaining allegations in Paragraph 17.

**Statement of Relevant Facts**

18. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies them.

19. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 22 and therefore denies them.

23. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 23 and therefore denies them.

24. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 24 and therefore denies them.

25. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies them.

26. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies them.

27. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies them.

28. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 28 and therefore denies them.

29. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies them.

30. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies them.

31. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies them.

32. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies them.

33. Celtic admits the image contained in Paragraph 32 includes the words "Celtic Insurance Company." Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 33 and therefore denies them.

34. Celtic denies the allegations in Paragraph 34.

35. Celtic denies the allegations in Paragraph 35.

36. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies them.

37. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 37 and therefore denies them.

38. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies them.

39. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 39 and therefore denies them.

40. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 40 and therefore denies them.

**Direct and Vicarious Liability**

41. Celtic notes that the statements in Paragraph 41 purport to be a quotation from the FCC's 2013 Declaratory Ruling. Celtic refers to the entire 2013 Declaratory Ruling for the accuracy of the quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 41.

42. Celtic notes that the statements in Paragraph 42 purport to be a summarization of a portion of the FCC's 2013 Declaratory Ruling. Celtic refers to the entire 2013 Declaratory Ruling for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 42.

43. Celtic notes that the statements in Paragraph 43 purport to be a quotation from the FCC's 2013 Declaratory Ruling. Celtic refers to the entire 2013 Declaratory Ruling for the accuracy of the quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 43.

44. Celtic denies the allegations in Paragraph 44.

45. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 45 and therefore denies them.

46. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 46 and therefore denies them.

47. Celtic lacks sufficient information to admit or deny the allegations in Paragraph 47 and therefore denies them.

48. Celtic denies the allegations in Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 49.

50. Celtic denies the allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 51.

## COUNT I
## Defendants Violated 47 U.S.C. § 227(b) of the TCPA

52. Celtic repeats and realleges it answers to the allegations in Paragraphs 1-51 as though fully set forth herein.

53. Celtic notes that the statements in Paragraph 53 purport to be a summarization of 47 U.S.C. § 227(b)(1)(A)(iii). Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 53 and that it is liable in this case.

54. To the extent the allegations in Paragraph 54 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 54 and therefore denies them.

55. Celtic denies it placed the calls alleged in the Second Amended Complaint. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 55 and therefore denies them.

56. Celtic denies it placed the calls alleged in the Second Amended Complaint. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 56 and therefore denies them.

57. Celtic notes that the statements in Paragraph 57 purport to be a summarization of a subsection of the TCPA. Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 57 and that it is liable in this case.

58. To the extent the allegations in Paragraph 58 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 58 and therefore denies them.

59. To the extent the allegations in Paragraph 59 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 59 and therefore denies them.

60. Celtic denies the allegations in Paragraph 60.

## COUNT II
## Defendants Violated 47 U.S.C. § 227(c)(5) of the TCPA

61. Celtic repeats and realleges it answers to the allegations in Paragraphs 1-60 as though fully set forth herein.

62. Celtic notes that the statements in Paragraph 62 purport to be a summarization of a subsection of the TCPA. Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 62 and that it is liable in this case.

63. To the extent the allegations in Paragraph 63 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 63 and therefore denies them.

64. Celtic notes that the statements in Paragraph 64 purport to be a summarization of and quotation from the TCPA and its accompanying regulations. Celtic refers to the entire statutory and regulatory text for the accuracy of the summarization and quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 64 and that it is liable in this case.

65. Celtic notes that the statement in Paragraph 65 purports to be a quotation from the TCPA. Celtic refers to the entire statutory text for the accuracy of the quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 65 and that it is liable in this case.

66. Celtic notes that the statements in Paragraph 66 purport to be a summarization of and quotation from the TCPA's implementing regulations and the FCC's corresponding Report and Order. Celtic refers to the entire regulatory text and Report and Order for the accuracy of the summarization and quotation in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 66 and that it is liable in this case.

67. Celtic notes that the statements in Paragraph 67 purport to be a summarization of a subsection of the TCPA. Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 67 and that it is liable in this case.

68. Celtic notes that the statements in Paragraph 68 purport to be a summarization of a subsection of the TCPA. Celtic refers to the entire statutory text for the accuracy of the summarization in its entire context and meaning. This allegation is a legal conclusion to which no

response is required. To the extent a response is required, Celtic denies the allegations in Paragraph 68 and that it is liable in this case.

69. To the extent the allegations in Paragraph 69 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 69 and therefore denies them.

70. To the extent the allegations in Paragraph 70 pertain to Celtic, Celtic denies them. Celtic lacks sufficient information to admit or deny the remaining allegations in Paragraph 70 and therefore denies them.

71. Celtic denies the allegations in Paragraph 71.

## PRAYER FOR RELIEF

Celtic denies that Plaintiff is entitled to the relief sought in the Second Amended Complaint's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Celtic demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the Affirmative and Other Defenses set forth below, Celtic intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise applies to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute and shall not be deemed to constitute an admission of liability that Plaintiff is entitled to any relief.

1. Plaintiff's claims each fail to state a cause of action against Celtic on which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of waiver.

3. Plaintiff's claims are barred by the doctrine of estoppel.

4. Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff's claims are exempted from liability under the healthcare exemptions and exception contained the 47 C.F.R. 64.1200, et seq., and FCC's related orders and other regulations because the calls all concerned important health messages.

6. Plaintiff's claims are barred by the doctrine of derivative sovereign immunity because some or all of the calls at issue were placed at the direction of the federal or state government and its agencies.

7. Plaintiff's claims are barred because, if Plaintiff was damaged, which Celtic expressly denies, said damages were caused by the actions or omissions of Plaintiff, his agents, or employees, or by third parties over which Celtic had no responsibility or control.

8. Celtic was not the proximate cause of any alleged damage to Plaintiff.

9. Plaintiff's claims are barred by the doctrine of unclean hands.

10. The Second Amended Complaint, and each cause of action alleged, is barred because Plaintiff has not been injured at all as a result of Celtic's action or failure to act.

11. Celtic is absolved from all liability for the wrongs alleged because, at all times, it acted with legitimate business justification and/or in a manner that was otherwise privileged.

12. Plaintiff is barred, in whole or in part, from recovering any amounts from Celtic because Plaintiff ratified, consented to, and/or requested the conduct of Celtic now alleged to be wrongful.

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

14. Celtic is absolved from any and all liability for the wrongs alleged because of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged.

15. Plaintiff's claims are barred because, even if Celtic engaged in the conduct alleged in Plaintiff's Second Amended Complaint, Celtic is exempted from any liability under the applicable statutes and/or rules and regulations at issue, including, but not limited to, the Telephone Consumer Protection Act ("TCPA") and its attendant rules and regulations.

16. The TCPA violates the First Amendment to the United States Constitution because it is more restrictive than necessary to achieve its asserted purposes and has no reasonable relation to any substantial government interest sought to be advanced.

17. Any award based on asserted interests or injuries, including, but not limited to, any award of punitive damages and/or trebled damages, would violate the Excessive Fines Clause of the Eighth Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment, to the United States Constitution.

18. Any finding of liability—and any award of damages, including, but not limited to, any award of punitive damages and/or trebled damages—for the practices alleged would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because the standards of liability under the applicable statutes and/or rules and regulations at issue, including, but not limited to, the TCPA and its attendant rules and regulations, are too vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

19. If the Court finds that consent is a defense rather than an element of Plaintiff's claims, the applicable statutes and/or rules and regulations at issue, including, but not limited to, the TCPA and its attendant rules and regulations, bar the claims of Plaintiff, who provided consent to receive any call(s) at issue, or who otherwise gave permission as to or requested to receive any call(s). Celtic pleads this affirmative defense without conceding that it is, in fact, an affirmative defense, or a defense on which Celtic bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

20. If the Court finds that consent is a defense rather than an element of Plaintiff's claims, the calls at issue did not constitute telemarketing or introduce advertising, and therefore only prior express consent was required, which Plaintiff provided. Celtic pleads this affirmative defense without conceding that it is, in fact, an affirmative defense, or a defense on which Celtic bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

21. Plaintiff did not adequately revoke his prior express consent. Celtic pleads this affirmative defense without conceding that it is, in fact, an affirmative defense, or a defense on which Celtic bears the burden of proof, rather than an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

22. If, in fact, Celtic performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

23. If any independent contractor or agent of Celtic performed any act or engaged in any conduct that violates the applicable statutes and/or rules and regulations at issue, including,

but not limited to, the TCPA and its attendant rules and regulations, any such act or conduct was outside the scope of the authority of said independent contractor or agent and was not authorized or ratified by Celtic.

24. Plaintiff lacks Article III standing to bring or maintain the claims asserted in the Second Amended Complaint because he has not suffered an injury or harm that is concrete or real, or that is otherwise insufficient to confer standing.

25. Celtic does not knowingly and intentionally waive any affirmative defenses and reserves the right to assert any other affirmative defenses and claims of avoidance as may be appropriate based on facts or issues disclosed during additional investigation and discovery.

## PRAYER

Defendant Celtic Insurance Company prays that Plaintiff take nothing through his Second Amended Complaint and that judgment be entered in favor of Celtic for the costs of defending this action, and for any other relief that the Court deems just and proper.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Matthew D. Knepper*
Matthew D. Knepper, *pro hac vice*
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314.480.1500 – Telephone
314.480.1505 – Facsimile
Matt.knepper@huschblackwell.com

Timothy P. Ribelin, Lead Attorney
State Bar No. 24091055
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-1153 (direct telephone)
(512) 226-7375 (facsimile)
Tim.Ribelin@huschblackwell.com

**COUNSEL FOR DEFENDANT CELTIC INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 3rd day of December, 2024, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                /s/ *Matthew D. Knepper*
                                                Matthew D. Knepper